**COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS, LLP**
Mitchell S. Griffin (SBN 114881)
190 The Embarcadero
San Francisco, CA 94105
Email Address: mgriffin@cwghp.com
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
HANJIN SHIPPING CO., LTD.

E-filing

FILED
2010 MAR 30 P 2: 16
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JCS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HANJIN SHIPPING CO., LTD.,

Plaintiff,

v.

CENTRAL BIO-ENERGY
INTERNATIONAL CORP. and HIRSCH
CAPITAL CORPORATION.

Defendants.

CV Civil Action No.: 10 1344

**COMPLAINT FOR DAMAGES**

Plaintiff HANJIN SHIPPING CO., LTD. alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1. This Court has admiralty jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1333(a), because this claim involves non-payment for the contract carriage of cargo, carried by plaintiff's vessels at sea, between the State of California and Busan, Republic of Korea. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. Venue is proper under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred within this Judicial District and, as more fully set out below, the defendants reside within this Judicial District, within the meaning of 28 U.S.C. §1391.

## PARTIES

3. Plaintiff Hanjin Shipping Co. Ltd. ("Hanjin") is a company organized and existing under the laws of the Republic of South Korea, and qualified to do business and doing business within the State of California and this Judicial District.

4. On information and belief, Hanjin alleges that defendant Central Bio-Energy International Corp. ("Central") is, and at all times mentioned herein was, a corporation organized and existing under laws of the State of Delaware, doing business in the State of California, with its principal place of business in Livermore, Alameda County, California.

5. On information and belief, Hanjin alleges that defendant Hirsch Capital Corporation ("Hirsch") is, and at all times mentioned herein was, a corporation organized and existing under laws of the State of California, doing business in the State of California, with its principal place of business in Palo Alto, Santa Clara County, California. Central and Hirsch are collectively referred to hereinafter as "Defendants."

## GENERAL ALLEGATIONS

6. On or about October 16, 2009, Defendants contracted with Hanjin, for valuable consideration to be paid to Hanjin at pre-agreed freight rates, for Hanjin to transport by ocean carriage thirty-five (35) containers, under Defendant's load and count, said to contain "Grain in Bulk," from the Port of Long Beach, California, to Busan, Republic of Korea. In connection with said shipment, Hanjin issued Bill of Lading number HJSCLGBA24363502.

7. On or about October 30, 2009, Defendants contracted with Hanjin, for valuable consideration to be paid to Hanjin at pre-agreed freight rates, for Hanjin to transport by ocean carriage forty (40) containers, under Defendant's load and count, said to contain "U.S. Yellow Corn," from the Port of Long Beach, California, to Busan, Republic of Korea. In connection with said shipment, Hanjin issued Bill of Lading number HJSCLGBA24291105.

8. Thereafter, as agreed, Hanjin fully performed its contractual obligations to Defendants by transporting each of the two above-described shipments by ocean and discharging said shipments in Busan, Republic of Korea.

9. Despite Hanjin's performance of all its contractual obligations to Defendants, Defendants have failed and refused to pay Hanjin the agreed freight, or any amount, for

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

1  Hanjin's said carriage of the shipments to Busan, Republic of Korea, despite Hanjin's
2  repeated demands there for.
3      10. Additionally, the consignee designated by Defendants in connection with both of the
4  aforesaid shipments refused to take delivery of either shipment, forcing Hanjin to retain the
5  shipments in the Republic of Korea, and incur demurrage, storage and related costs and
6  expenses.

## FIRST CLAIM FOR RELIEF

7      11. Hanjin hereby incorporates by references each and every allegation in paragraph 1-
8  10, inclusive, above, as though the same were again fully set forth at length herein.
9      12. Hanjin performed all conditions, covenants and promises under the aforesaid
10  contracts of carriage on its part to be performed.
11      13. In breach of said contracts of carriage between Hanjin and Defendants, Defendants
12  have failed and refused to pay the agreed freight, or any amount, for Hanjin's said carriage
13  of goods.
14      14. As a direct and foreseeable consequence of Hanjin's performance of said contracts
15  of carriage, Hanjin has incurred additional demurrage, storage and related costs and
    expenses arising from said shipments, none of which have been paid by Defendants.
16      15. By reason of the premises, Hanjin has been damaged in an amount in excess of
17  $110,000, no part of which has been paid, despite demand there for.
18      WHEREFORE, Plaintiff Hanjin prays for damages against Defendants, and each of
19  them, as follows:
20      1. Damages according to proof, in an amount in excess of $110,000;
21      2. For interest thereon;
22      3. For incidental and consequential damages according to proof;
23      4. For costs of the suit incurred herein; and
        5. For such other and further relief as the court may deem proper.

25  Dated:    COX, WOOTTON, GRIFFIN,
             HANSEN & POULOS, LLP
26           Attorneys for Plaintiff HANJIN SHIPPING
             COMPANY, LTD.

By_____
Mitchell Griffin

COMPLAINT FOR DAMAGES   -3-   Case No: